United States v. Wilcox 20-70-47. Mr. Sandiford. Good morning, and may it please the court, Ms. Epperle. My name is Dean Sandiford from the Federal Defenders, and I'm here for David Wilcox. The issue in this case is whether the district court abused its discretion in denying Mr. Wilcox's motion to withdraw his guilty plea by basing its decision on a clearly erroneous finding of fact. Mr. Wilcox's motion was based on an assertion of innocence that he believed at the time of the alleged offense that he was properly registered. The district court rejected that claim on the grounds that Mr. Wilcox had admitted to knowledge of the registration requirement at his change of plea here. But that's not accurate. He never admitted to that knowledge. And because the court's factual finding on that point was clearly erroneous, its denial of the motion was an abuse of discretion. On appeal, the government doesn't defend the court's ruling but argues that Mr. Wilcox's true admissions at the hearing that he failed, that he in fact failed to register, contradict his claim that he didn't know he wasn't registered at the time of the offense. But there's nothing contradictory about those two things as this court held in Perez-Perez in a very analogous situation. It's entirely plausible that Mr. Perez thought he was properly registered at the time of the offense, but then he's charged with a crime, he meets with his lawyer, reviews the discovery, and his lawyer explains to him that in fact, he wasn't registered. And then he admits to that at the change of plea hearing. Perez-Perez was very similar. It was a 922g prosecution. The defendant admitted at sentencing that he lacked what he had status that prohibited him from this court said that that admission was of questionable significance as to his knowledge at the time of the offense because he could have learned it as the case progressed. The government also points to some information in the pre-sentence report that it also says contradicts Mr. Wilcox's claim. The district judge didn't rely on any of that information. And in fact, it's not necessarily inconsistent with his claim. The he signed forms that indicated that he had to register within three days. And we don't dispute that he signed the forms. But he explained to the court that he found the forms confusing, and relied on the officers in North Dakota to explain them to him. And if they told him he didn't have to register for a year, if he moved, if he stayed, he had to register within 10 days, they told him neither of which, in fact, was accurate. You know, it's entirely possible that Mr. Wilcox did not understand these forms and relied on the officers. He's not educated, he has been diagnosed with several serious mental disorders over his life. And he has a long history of polysubstance abuse that started when he was a minor. So you know, while the statement in the PSR is that he was under the impression he didn't have to register upon moving to Oklahoma at all. Right? Well, there's two statements. And yes, there are two statements. And one is he didn't have to register at all. The other is I had a year to register in there. And they cut me short by a month. Well, those are inconsistent. Right? Well, well, I have two responses to that. The first and I think the most important is that that's not a quote from him. That's a paraphrase in the pre sentence report. So we don't know exactly what he said. And what he said wasn't challenged the quote in the report. Yes, it's true. But it wasn't relevant to his guideline range. There's really no reason to object to it. But even more importantly, what it doesn't say at all, it says once, once is ambiguous, that could mean immediately, I had to do it once I got there, or once could mean ever. And it's not clear. And especially given that we are talking about a paraphrase, I think it's certainly ambiguous as well. Well, let me let me crawl through that ambiguity for a second. I mean, if at the end of the day, we're talking about whether the district court's finding was clearly erroneous, we're looking at the record in determining whether it was clearly erroneous. And so if there is ambiguity, and you could plausibly read the record to say that what the district court did was right, then don't you lose? I mean, how does that ambiguity is not your friend? Normally not. But here, the district court did not rely on that statement in the pre sentence. And what difference does that make? It's determination, you look at the record to determine whether it's clearly erroneous, right? But the district court's actual finding was that he admitted at the change of plea hearing that he had knowledge that finding is clearly erroneous, because he never admitted that. So with the district court not relying on the pre sentence report, that would be an affirmance on an alternative ground. So you would have to say that the district judge would abuse his discretion by finding that that wasn't necessarily inconsistent. So you have to let me stop there, because I want to walk through that for a second or tease that out. Okay, let's assume that there was there was error in the determination that that he admitted knowledge at that time, the district court error. Well, that that raises the question of whether that error was harmless. And if on the record, we it is clear that he had knowledge, then then why would we not be able to affirm on the alternative ground that that is true? Yes, I completely agree. And I think you could, but I think the key point in your question is that if you thought it was clear, and I don't think you can say it's clear, because it is ambiguous, both because it's a paraphrase and both and two, because he says, or the pre the probation officer said once, which could mean now or immediately or ever. So in this in that sense, the ambiguity does favor us because it wasn't the basis of the district court's decision to affirm on a ground, you would have to be confident that the district court wouldn't reach that conclusion. And I don't think you can be confident on this record based on that single statement in the pre sentence report. That wasn't even his own words. It at the at the change of plea hearing, the court and I was going to pull up the language, I'm not going to take time to do it. Let's see if I can just wing it here for a second. My recollection of what the court said what what what your client said was when under the during the colloquy, the exact dates of the indictment were framed to him. And and and he was asked whether at that time, he was aware that he needed to register. And I'll go and pull it up. You tell me where I'm it's while I'm looking at it between October 18 and September 16 2019. I was required to register as a sex offender. I moved to the state of Oklahoma where I was required to register as a sex offender. While in Oklahoma, I failed to update my registration information. Okay, what what more do you need than that? During the hearing? Go ahead. He never says he knew it at the time he is stating as fact that he did not was not properly registered. I was required to register and I didn't. But he never in there says that I knew that at the time. Of course he knows it by the time of the plea. It's been explained to him. Okay, well, let's let's stop then. Perez I get I get the the distinction that was made there. But let's even if we focus on this language, and if I tell me why it is not a not the only but a plausible inference that this language bespeaks knowledge before before we had a clever lawyer like you to make this argument, if I'd read that language, and somebody said to me, is it plausible that he admitted knowledge? My first reaction would have been Yeah, looks pretty plausible to me. And if it's plausible, under a clearly erroneous standard, why don't you lose? Well, one, this is exactly the type of admission that people made pre rehave about felon in possession. I possessed a gun, but I was a felon. That's, that's the same as this. And that doesn't cover the rehave element. He is saying I was required to register as a sex offender. That is absolutely true. And he knows that at the time that he pleads guilty, but he never says here that he knew at the time of the offense. That's the key thing. It's, this is really an identical factual basis, as you would see in a pre rehave case, I possessed a fire gun, I possessed a firearm, and I was a convicted felon. That's not enough to show knowledge at the time of the offense. Well, that's quite true. But in the rehave context, there would be a separate question of distinct question of knowledge of that would be that would be asked in in this context. Well, I guess what I'm struggling with is you accept the premise that we're under clearly erroneous standard. That was what was front and center in your brief. That is a very forgiving standard. If I'm looking at the text of this, this, this statement of your of your client, and the press press point is a good one, I give you that. But if I'm looking at the text of this, and if I could, if tell me why I should preclude a reading that would say he knew that he knew what he was saying, because because note that indictment dates are listed. So that should have been a clue that that he's being asked to confirm what was in the indictment. The indictment dates are there. But if you if you each sentence of this factual basis is a statement of historical fact, there is nowhere in here where he says anything about his knowledge. It is in fact true that between those dates in the indictment, he was not registered. He knew that at the time that he pled guilty. But every one of these I was I was required to register historical fact, I moved to the state of Oklahoma where I'm required to register historical fact, I failed to update my registration historical fact. These are all just what happened. None of this speaks to his state of mind. None of it does. And I don't think that I think it is clearly erroneous to infer from this, that he knew. And in fact, that's not what Judge White did. He didn't infer from this knowledge for infer from this that he had knowledge. In fact, what he said was he said that he knew that is clearly incorrect based on this factual basis. There's nowhere where he says all that I think that's if, if one can say the substance of what he said was x, maybe that maybe that that a long way of saying it was not put forward. But I mean, why that's no different than he said, if you say the substance of what he said was x. And if we can discern the substance of what he said was x, then that gets you a result, right? Okay, okay. Well, fair enough. But I don't think that the inference can even be made based on this. Because as I said before, and I don't want to be a broken record. These are just statements of historical fact. He's just saying, I was required to register and I didn't register. That's it. Everybody knows that at the time of the plea, he didn't register, he knows he didn't register. But nowhere in this is the critical element of knowledge, knowledge at the time of the offense. But let me let me ask you this, then what do what do we do with if the court rested its determination on what took place at the change of plea hearing? Is it is it the premise that other circumstances, be it the pre sentence report statements or be it other surrounding circumstances would only go go to the question of whether this error was harmless? Would that be your view? Yes, harmless affirmance on alternative. Yeah, for example, if, if one were to argue that he was indicted for a crime that involved knowledge, that crime took place on certain dates, he pled guilty, the court articulated those dates at the sentencing proceeding, I mean, at the change of plea proceeding. And if one could say based upon those circumstances, we're confident that he knew at the time that he said these other things, that he would he had knowledge that he failed to register, that he was required to register and didn't do it. If you reach that conclusion, then yes, I think it would be a say that these elements weren't explained to him at the change of plea. And this factual basis doesn't include the elements. So I it's hard for me to see how the circumstances of the change of plea could at all indicate that he had the knowledge at that time. I mean, I understand the reliance on the pre sentence report statements, but you know, we have our arguments about those. And I think they're right. But there's nothing in this change of plea that explain those elements to him or in this factual basis that makes that where he admitted to, I see, I only have a little less than two minutes left, if I could reserve the remainder of my time. Thank you, counsel. Miss Epperle. Thank you, Your Honor. May it please the court. My name is Linda Epperle, and I represent the United States. The government believes that this conviction should be affirmed that the district court's decision to deny the motion to withdraw plea was not an abuse of discretion, because the and reasonable assertion of innocence, there was not an effective assistance of counsel here, and the plea was voluntary. The district court went further to also consider the four other factors that are typically discussed in these type cases, basically finding that, that it would be an imposition on the court and the parties and judicial resources, etc. But based upon all three of those things, those three factors, the ineffective assistance, the voluntariness of the plea, and failing to show a credible reason for an assertion of innocence, we believe that the trial court should be upheld. But I think that, Miss Epperle, that the argument that's being made doesn't go to these other factors, it goes towards whether there was a factual error in asserting that he did not assert his, well, I'm going to, there's a factual error on the question of whether he asserted his knowledge of the obligation to register. And so before we get into all these other factors that are listed there on the motion, on how we consider a motion withdraw plea, that determination is apparently what is the hinge point for this case. So what do you say about that? What I say, Your Honor, first of all, is that the scope of what the trial court was looking at is not as narrow, and does not involve nearly the tortured reading that the other side promotes. The trial court did not say in reaching this decision, I considered this evidence exactly, I considered the pre sentence report, etc. But there's nothing that would require the court to do so. No, but the court said, the court specifically said that the defendant admitted his knowledge at the plea hearing. And I don't see how that finding escapes review. I think that's clearly erroneous. It seems to me that what the court said was that the defendant said under oath, he knew about the registration requirement, and he admitted under oath, I was required to register as a sex offender. Once I moved to Oklahoma, I am required to register as a sex offender. To me, that implies both historical and current knowledge of his requirements. And the court did, but but he didn't say it. He didn't say I knew at the time. The judge didn't instruct him. Didn't didn't mention that that was an element of the offense. So I have a hard time distinguishing this from the cases Mr. Sandiford referred to where we're reversing where the where the Supreme Court is reversing convictions regarding knowledge of whether someone was I think it'd be a very natural inference that you would know you're not allowed to possess a firearm. Those those facts would be not that you wouldn't know that you were violating the law, but you knew that you were convicted felon. Those things seem much more natural inferences to draw. Even when they're silenced, then knowledge that you have to register within a year, particularly when remember the context of this is he says, I was told that I didn't have to register for the first year. That's what the cop told me. And you can't say that that particular statement by defendant is contradicted by what the defendant said at his sentencing. At least I don't see how you can say that. I think that first of all, it's important to clarify the scope of what this defendant is charged with. In the indictment, he was charged with knowingly failing to register and update his registration. This is not simply like many gun or possession cases are that happens on a single day in time in the indictment. This was covered a broad period of time. And in the PSR, he admitted that he was instructed if he became or not he admitted, I'm sorry, the PSR found and that then became the factual basis for the plea because there was no objection that he was instructed during his last contact with the people in North Dakota, that if he became homeless, he was required to check in with people every three days. He didn't do that. He also knew that at the time he talked with North Dakota and apparently got this understanding that things were all copacetic in Oklahoma, he was being approved to live at a particular address. And he also had a requirement and an obligation once he moved from Miss Cheek's home to update that address. So it's not just the potential violation of the one year failure to renew once that came up. His circumstances changed. He changed addresses, he was homeless, and he had been informed about his requirements should that happen. He's supposed to check in. He's supposed to check in every three days. And he didn't. If the district court had relied on the PSR, which it was entitled to do at this hearing, we'd have a different case, wouldn't we? If we perhaps we would have a stronger argument if the district court set out here. But but at this point, since the court was relying solely said it was relying on the contradictory statement made by defendant at his plea hearing. We'd have to say again, as Mr. Sandefur argued that it's harmless, that the judge made that factual error. But to say it was harmless, we would have to have very strong reasons, I would think, to believe that the judge would necessarily have found made the necessary finding based on the PSR. And maybe you're saying more about the PSR than I had appreciated before. And maybe you're saying there's enough in the PSR that given it was unchallenged, the court would necessarily have found that he knew he was violating his obligations to register. But I think that's the argument is that was harmless. So why don't you go through why the PSR would have required what you were just saying was interesting. Go through what in the PSR would have required the judge as a practical matter to find that the defendant knew about his, that he had obligations to register that he was violating. Once he was I appreciate the opportunity. And I think that it's important to realize that this is different than a case along the lines of many of which were discussed in the briefs where there had actually been maybe some kind of big evidentiary hearing where the court would make particular findings about what they relied on. It would not be uncommon for the court to fail to mention the PSR at this stage in the sentencing because under this court's decision in Elias, in determining the factual basis for a plea, the court can rely on questioning the defendant or on the facts of a PSR that's unobjected to. And the PSR in this case indicated a number of things. First of all, the defendant's version... Let me stop you for a moment. What Mr. Sandefur said is they were unobjected to at sentencing because the statements that might be relevant now were not relevant to the sentencing guidelines or to his sentence. And therefore it was natural not to object. Now, that doesn't mean that the sentencing judge couldn't rely totally on the PSR. But it does suggest that perhaps at this motion to withdrawal plea hearing, it wouldn't be fair to him to say, well, you didn't object to the PSR on this ground. Well, the PSR had been provided by that point in advance. Again, this may go to the delay in filing the motion. And again, we don't blame the later appointed attorney in the delay of filing that motion. But when defendant first mentioned this in April, he mentioned it in the context of a pro se application for a downward variance. And then he just mentioned some of facts that then became sort of the basis for his claim here. And remind me of this separately at the sentencing proceeding where this where this came to light again, where the court made its ruling. Did defense counsel at that point challenge any facts that were in the PSR? I don't think he did. And he would have had an opportunity to do so then, right? No, Your Honor, he did not. In fact, he was specifically asked if there were objections to the PSR and he indicated there were not any. So that then becomes the factual basis for this case. And within that factual basis, Judge Hartz, perhaps the most basis for sentencing, for sentencing, but what's in the PSR, is there is there law saying that failure to object at sentencing to the PSR binds you in other proceedings to what's I mean, I think you might start with that assumption. But if the defendant says, No, I didn't understand. And I, I didn't know at the time. That might change the nature of the presumption. I'm not aware of any exact case addressing what you have asked that states that in the context of a motion to withdraw a plea that's being discussed immediately before sentencing. I'm not aware of a case that says the PSR is fair game there if it's an objection. And that's what I want to understand. And for my for my own benefit, these were not separate proceedings, right? I mean, they took place at the same time. And and so so quite apart from the question of whether if they had been separate proceedings, the defendant would have been bound by the what went on in the PSR, the defendant had an opportunity if the defendant was going to, if the defendant was going to object to a fact that might impact his motion to withdraw. There was no other time was there? No. I mean, he could have he should have objected with through the procedure with the probation department. And that wasn't done. But this would have also been his opportunity to object in that day, and he did not do that. And again, I mean, it seems to me that the district court found it was fairly clear that the statement that the defendant made belied, undermined, challenged, was inconsistent with the claim he was making at the immediate time. And when you look at whether or not there was an abuse of discretion and looking at all of those factors, which the court was weighing, and the court considered all of the proper factors, that is not an uncredible or an abuse of discretion. It's not a decision like that. This was not like Marcinello, where there was an admission by prior counsel that there had been erroneous advice given to a client, and then nothing in the plea that that's not this case. Even though Marcellano was upheld on appeal, Judge Harts, I believe, had an opinion, a dissenting opinion that expressed some concerns. We don't have those concerns here. Here, the only thing that the prior counsel said was, he reported that his client did not trust his appointed counsel did not believe their advice was in the best interest, didn't believe they were zealous, etc. But this was not a case where you had a public defender who came in and and said, I admit, I was ineffective. I didn't investigate this. I didn't advise the client correctly. That didn't happen here. So there was no ineffective assistance of counsel. And we would also urge the court to adopt footnote two in the Gordon decision, which sort of indicates that he should be foreclosed from raising an ineffective assistance counsel at this point, on a 2255 later. But also the plea was voluntary. We went through in great detail in our brief, I think it's probably about half the pages of the brief, all of the rule 11 procedures that were followed when that plea was taken. This is a defendant who has a GED voluntary, if you're not told what the elements of the offense are. That would seem it has to be knowing involuntary, and to make a voluntary plea, which is something where one of the elements of the offenses and told to you, I would think would be impossible. In all honesty, I'm sitting here right now trying to see exactly what he was told at the time of plea about the elements. But what we do know is that this is an experienced federal public defender. This is not an unusual type case for the court or for that attorney. And it didn't strike anyone at the time, not the prosecutor, not the defense attorney, not the judge taking the plea magistrate judge taking the or apparently Judge White, that this factual summary was in any way inadequate to provide a factual basis for failing to register as a sex offender. Because it's not just the one year issue. He did not follow up at any time during that year. He was advised in the indictment of what he was charged with. He entered a plea and although he may not have said I admit I knew he said I was required. Your time is expired. I'll let you finish your thought but make it quick. I think this is okay. Good. That's the extent of it. Thank you, Your Honor. Thank you. Mr. Sandefur, if you'll turn on your mic and respond. Sure, I'd like to make one point about this. You know, he did the requirement that he register if he become homeless or move those All of that was part of the same form that he signed in North Dakota that he said he didn't understand and relied on the officers to explain. And according to him, he said, they told him he didn't have to register for a year. So that all of this is of a piece in terms of what was on those forms, and he didn't get that. So I don't think that adds anything to the harmless error. Well, I mean, at what point, Mr. Sandefur, I mean, whether we have to, he has, we have to make a determination of knowledge or not, at some point, it cannot be dispositive, whether he says, I didn't understand, right? I mean, it's, it's not, it's not dispositive. But I mean, it's relevant to the harmless error analysis. Well, if I give you 20 documents that in bold flashing lights, tell you X fact, and then you say, Well, you know, I tell you what, I just don't understand. I, you know, I looked at them, and I just relied on what my, my friend told me. That's just, in most circumstances, that's not good enough, is it? No, it's not. But we don't know anything about bold flashing lights, or really even what these forms look like. They're, they're summarized in the pre sentence report, we do know that he said he didn't understand. And there's reason to believe that, like I said before, he's, he's uneducated, he's been diagnosed with lots of mental illnesses, takes lots of medications, and is a long term substance abuser. You know, all of these things, especially in combination, can lead someone to say, Hey, police officer, can you can you explain these forms to me? These are too long, I can't read them. You know, it's not as at all implausible. I mean, any of us would read the forms and understand them fine. But what's our standard for, for harmless error here? Is it beyond a reasonable doubt? Or is it leaving us uncomfortable with the result? I don't have the precise language that I think it's the non constitutional standard, we haven't raised a constitutional claim. So I don't think it's beyond a reasonable doubt. But you know, I think that you can think about this in terms of harmlessness beyond a reasonable doubt, but also in terms of affirmance on an alternative ground. And I think it's important on that, in that respect, that this is a discretionary decision for the judge, the appellate courts don't exercise trial court discretion. So if it would be within Judge White's discretion to accept his assertion of innocence, you know, reading the plea transcript correctly, then I don't think affirmance is even if we think, look, given all this, we just are quite confident that if Judge White reviewed more than just what was said at the plea hearing, the judge would have found he knew. Well, I you know, under the Tony case, you know, which which we cited in our briefs, when you're talking about a discretionary decision, it's really not proper to affirm on an alternative ground, if unless the judge could only exercise his discretion in one way. And I don't think you can say that on this. Judge Hart, could I follow up briefly on that? I need to understand the interplay here between the abuse of discretion standard and the clearly erroneous standard. If the argument as I understand it, that you're the thrust of your argument is there was an abuse of discretion, because that is the overarching standard, because of a clearly erroneous factual determination. Well, if we determine that even if there was a clearly erroneous factual determination, it was harmless. In other words, the record fully supports that determination, then why doesn't that lead ineluctably to the conclusion, there was no abuse of discretion. In other words, if the record supports the factual determination, why do we have any basis to believe the court would have exercised its discretion in a different way? I don't think we're disagreeing. I think that that's true. If you think it's that clear that the district court, you're confident the district court would have exercised its discretion in the same way, then we lose. But I don't think this record would support that conclusion. Thank you very much, counsel. Case is submitted. Counselor excused.